IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** *Plaintiff/Counter-Defendant,* | § | |
| **v.** | § | |
| **FREEHOLD MANAGEMENT, INC. AND RETAIL PLAZAS, INC.,** *Defendants,* | § | **CIVIL ACTION NO. 3:16-CV-02255-L** |
| **v.** | § | |
| **FREEHOLD MANAGEMENT, INC., RETAIL PLAZAS, INC., AND RPI DENTON CENTER, LTD.,** *Defendants/Counter-Plaintiffs.* | § | |

**STATE AUTO MUTUAL INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

**COMES NOW**, Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), and files this Response to Defendants' Motion to Quash and for a Protective Order, and would respectfully show the Court as follows:

## I.
## Summary of the Argument

Freehold Management, Inc. and Retail Plazas, Inc., and Freehold Management, Inc., Retail Plazas, Inc., and RPI Denton Center, Ltd. (collectively "Defendants") allege that State Auto's attempt to secure production of documents from Nelson Forensics, LLC. ("Nelson Forensics") is an improper "fishing expedition." [Doc. 94 at 2]. Contrary to Defendants' assertions, State Auto's request is narrowly tailored in scope and time and seeks the production of documents relevant to the subject matter of this suit. Furthermore, State Auto previously

requested this material in two separate Requests for Production and its Motion to Compel Defendants' Discovery Responses.

## II.
## Introduction

On August 3, 2016, Plaintiff filed for a Declaratory Judgment to settle an insurance coverage dispute with Freehold Management, Inc. and Retail Plazas, Inc., and Freehold Management, Inc., Retail Plazas, Inc., and RPI Denton Center, Ltd. (collectively "Defendants") arising from damage to Defendants' property that allegedly resulted from a storm on April 3, 2014. [Doc. 1]. Plaintiff desires a declaration of rights concerning its contractual obligations, to the Defendants, arising from the alleged storm damage. [*Id.* at 8]. The discovery period concluded on June 4, 2018, except for several depositions, which were agreed to by parties pursuant to a Rule 29(b) stipulation. [Doc. 52 at 4]. The deadline to file a motion to compel discovery was June 11, 2018. Pursuant to the Court's Fifth Amended Scheduling Order, this case is set for trial on February 4, 2019. [Doc. 92 at 2].

Defendants filed a claim on an insurance policy provided by Plaintiff (the "policy") for damage sustained to their shopping center located at 500-1900 West University, Denton, Texas 76201(the "Denton Center") from a storm event that occurred on April 3, 2014 (the "storm"). [Doc. 1 at 2]. Plaintiff hired Haag Engineering to inspect the Denton Center for damage caused by the storm. [Doc 16-1 at 6]. Following a number of inspections, Haag issued a report concluding that the Kroger roof and surrounding built-up gravel roofs did not sustain damage as a result of the April 3, 2014 storm. [*Id.*]. On July 15, 2014, Plaintiff sent a partial denial of Defendants' claim, reasoning that some of the damage to the roofs did not fall under the policy's coverage. [Doc. 82 at 3]. Subsequently, Defendants recovered $1,036,397.17 to cover storm damage and depreciation to the Denton Center. [Doc. 1 at 3].

In turn, Defendants hired an engineer, Matt Phelps, to conduct an independent inspection. [Doc. 16-1 at 7]. Mr. Phelps concluded that roof over the Kroger store sustained damage as a result of the storm. [*Id.*]. Plaintiff reviewed the report but disagreed with Mr. Phelps' findings. On June 20, 2016, Defendants sent a demand letter to Plaintiff. [*Id.* at 8]. To date, Defendants estimate the damage to the Denton Center exceeds $16 million. [Doc. 82 at 4]. Plaintiff contends that the additional damage, claimed by Defendants, is not covered under the terms of the policy provided to Defendants. [Doc. 1 at 3]. Subsequent to the filing of Initial Disclosures Defendants' expert issued a new report claiming additional damages to other built-up gravel roofs other than the Kroger roof. [Doc. 16-1 at 8]. The parties could not resolve the coverage issues and the extent of covered damages; therefore, State Auto filed a declaratory judgment action on August 3, 2016. [*Id.* at 1].

## III.
## Relevant Procedural Background

State Auto served Defendants with two Requests for Production in 2017. *See* Ex. A; Ex. B. Defendants responded with its Objections and Answers to State Auto's First and Second Requests for Production accordingly in 2017 and early in 2018. *See* Ex. A; Ex. B. On May 30, 2018, State Auto filed a Motion to Compel Defendants' Discovery Responses. [Doc. 69]. On June 7, 2018, State Auto served Defendants with a subpoena to take the written deposition of Nelson Forensics. *See* Ex. C. On June 28, 2018, Defendants' filed a Motion to Quash the Nelson Forensics Notice of Deposition. [Doc. 69]. The discovery period concluded on June 4, 2018. Trial is set for February 4, 2019.

## IV.
## Arguments and Authority

### A. Defendants Failed to Comply with the Federal and Local Rules

Rule 26(c)(1) of the *Federal Rules of Civil Procedure* requires a party moving for a motion to quash/protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Moreover, Local Rule 7.1 requires a movant to confer with affected parties to determine if the motion is opposed. L.R. 7.1(a). Furthermore, if the motion is opposed, then Local Rule 7.1 requires that the motion include a certificate of conference stating the date of the conference, the participating parties, and an explanation why the parties are at an impasse. L.R. 7.1(b)(1)-(3). Or if a conference does not occur, then the certificate of conference must explain why the parties were unable to confer. *Id.*

Here, Defendants failed to adhere to the federal and local rules because Defendants failed to confer with opposing counsel before filing their motion and failed to attach a certificate of conference to their motion. [Doc. 94]. Therefore, from a purely procedural standpoint, Defendants' Motion to Quash and for a Protective Order should be denied.

### B. State Auto Seeks Material Requested Within the Discovery Period

State Auto acknowledges that its Deposition of Written Questions/subpoena was issued after the discovery period closed on June 4, 2018. However, contrary to Defendants' assertions, State Auto's subpoena is necessary and proper because Defendants' have failed to produce the requested material in spite of having ample opportunity to do so before the discovery period closed. State Auto, in two separate requests for production, requested in various iterations that Defendants produce documents pertaining to the Denton Center that reflect or relate to maintenance

or repairs that occurred before and after the storm on April 3, 2014. *See* Ex. A; Ex. B. Moreover, due to Defendants' inadequate discovery responses, State Auto was forced to file a Motion to Compel the production of the documents that it now seeks in its contested subpoena. [Doc. 69 at 5-12]. Therefore, although State Auto's issued its subpoena after the discovery period closed, the subpoena is proper because the documents requested are well within the scope of several previous requests for production and its Motion to Compel.

**C. State Auto's Subpoena is Narrowly Tailored and Specific to the Denton Center**

Whether a subpoena is unduly burdensome depends upon the circumstances of each case, including (1) the relevance of the discovery; (2) the party's need for the materials; (3) the breadth and time period covered by the request; (4) the specificity of the request; and (5) the burden imposed on the producing party. *See SEC v. Brady,* 238 F.R.D. 429, 437 (N.D. Tex. 2006) (the court outlining the factors determining if a subpoena is unduly burdensome). Additionally, courts consider whether the subpoena inflicts significant expense or other inconvenience on a non-party. *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004) (the court summarizing Fed. R. Civ. P. 45(c)(3)(A)).

First, the subpoena is relevant because it seeks information and/or materials specific to the Denton Center. *See* Ex. C. Moreover, the Nelson Forensics documents go directly to the heart of the subject matter of this lawsuit because Defendants' property damage claims are seemingly in a fluid state. And, to date, Defendants have been unable to allocate damages incurred during the policy period from those that were incurred outside the policy period. Reviewing any and all documentation related to maintenance or property damage at the Denton Center before and after the storm is crucial to deciphering the validity of Defendants' claims. Furthermore, the request does not pertain to other irrelevant properties owned by the Defendants

because the subpoena explicitly states the address of the Denton Center. *Id.* Therefore, subpoenaing Nelson Forensics' records, pertaining to the Denton Center, will likely help determine the actual scope of the 2014 storm damage which constitutes relevant discovery.

Second, State Auto has a significant need for the documentation it seeks. State Auto's recent subpoena is simply not a renewed effort to obtain documents and/or materials already in its possession. The volatile nature of weather in North Texas warrants a review of any documentation related maintenance or property damage at the Denton Center to determine the full nature of Defendants' claims. Therefore, without the documents from Nelson Forensics, an investigation of Defendants' damage claims will remain incomplete.

Third, State Auto's request is narrowly tailored to include documents now in Defendants' or Nelson Forensics' possession. Furthermore, the requested documents relate to a relevant time-period in this lawsuit because of the large nature of the Denton Property, the delay between the 2014 storm and Defendants' fluid claims of damage, and the volatile nature of weather in North Texas. However, if the court determines that State Auto's subpoena is overbroad, then State Auto respectfully asks the court to reform or modify the subpoena to ensure that State Auto has an opportunity for an equitable and adequate review of the requested material.

Fourth, State Auto specifically outlined in its subpoena each type of document and/or information it seeks relating to Nelson Forensics. In fact, Defendants provided a similar, redacted, version of the documents State Auto now seeks to obtain. [Doc. 94 at 3]. Therefore, it is difficult to envision that a similar request would somehow flummox Defendants or Nelson Forensics for lack of specificity.

Finally, the subpoena will not impose any undue expense or inconvenience on Defendants or Nelson Forensics. As detailed earlier the material State Auto seeks is currently in

Defendants or Nelson Forensics' possession as illustrated by Defendants' ability to produce similar material in the past. [*Id.*]. Moreover, Defendants have not put forth any evidence of the burden that compliance with the subpoena would impose upon them. Furthermore, the court should consider that Defendants' conduct led to the need for supplemental requests for production, a motion to compel production, and the subpoena in contention. Therefore, it is difficult to conclude that a similar request that Defendants complied with in the past would unduly burden Defendants or Nelson Forensics.

**D. Defendants Failed to Show Good Cause and Specific Need for a Protective Order**

Rule 26(c) of the *Federal Rules of Civil Procedure* requires that Defendants show good cause and a specific need for protection for the court to issue a protective order. Fed. R. Civ. P. 26(c); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.1998). The movant seeking to quash a subpoena and/or the protection of a protective order shoulder the burden of showing "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d at 306; *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex.1998). Defendants failed to meet their burden.

Defendants' contentions are general and conclusory. Defendants argue that State Auto's subpoena is nothing more than a "fishing expedition" intended to "harass" them. [Doc. 94 at 2]. However, Defendants fail to provide any evidence that seeking maintenance or property damage assessments for the Denton Center that pertain to a short time-period before or after the 2014 storm rises to the level of a fishing expedition or harassment. Instead of providing any particular and specific demonstrations of fact supporting their requests for relief, Defendants rely only on general and conclusory objections that fail to establish good cause and a specific need for

protection. *See* Fed. R. Civ. P. 26(c); *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir.1990); *In re Terra Int'l, Inc.,* 134 F.3d at 306.

Here, showing that quashing a subpoena for documents directly related to maintenance or damage at the Denton Center or that a protective order is warranted is a difficult obstacle to overcome because of the extensive nature of the Denton Property, the delay between the 2014 storm and Defendants' fluid claims of damage, and the volatile nature of weather in North Texas. Therefore, since Defendants failed to show good cause and specific need for a protective order, the court should not grant them such protection.

## V.
## Attorney's Fees and Expenses

If a court denies a motion pertaining to discovery and/or for a protective order, then the court may require the movant, the attorney filing the motion, or both to pay the party opposing the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. However, the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 26(c)(3), 37(a)(5)(B).

Here, Defendants filed their Motion to Quash without certifying that they first conferred in good faith with the opposing party in an attempt to resolve the dispute before relying on the court. Moreover, State Auto has demonstrated that its subpoena is relevant, narrowly tailored, and an attempt to force Defendants to uphold their duty under the rules of discovery. Therefore, the court should award State Auto reasonable expenses incurred in opposing the motion and including attorney's fees.

## VI.
## Conclusion

Defendants' assertions are flimsy and seek to protect discoverable information relevant to this lawsuit that is either already in their possession or recoverable from Nelson Forensics. State Auto's subpoena is neither burdensome nor vague in scope and time-period. Furthermore, Defendants failed to establish good cause and specific need for a protective order. Moreover, Defendants failed to confer with State Auto before filing the motion and failed to attach a certificate of conference to their motion pursuant to the federal and local rules. Therefore, the Court should deny Defendants' Motion to Quash State Auto's Subpoena and Request for a Protective Order.

## VII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, State Automobile Mutual Insurance Company respectfully requests that the Court issue an Order denying Defendants' Motion, and for such other and further relief to which Plaintiff may show itself to be justly entitled, both at law and in equity. Moreover, pursuant to the power granted to the court by the *Federal Rules of Civil Procedure*, State Automobile Mutual Insurance Company respectfully requests an award of reasonable and necessary attorneys' fees incurred in defending against Defendants' Motion.

**RESPECTFULLY** submitted this 19th day of July, 2018.

/s/Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No.: 16627
**SHANE O'DELL**
State Bar No. 24065835
**NAMAN, HOWELL, SMITH & LEE, PLLC**
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Tel: 817.509-2040
Fax: 817.509-2060
Email: charles.mitchell@namanhowell.com
Email: sodell@namanhowell.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served on the 19th day of July, 2018, as follows via E-Mail and via the Court's ECF system, which sent notification to the following:

***Via E-Mail and Via E-Service***
Robert W. Loree
Todd Lipscomb
Law Offices of Loree & Lipscomb
The Terrace at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

/s/Charles B. Mitchell, Jr.
Charles B. Mitchell, Jr.