IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-2255-L |
| FREEHOLD MANAGEMENT, INC. and RETAIL PLAZAS, INC., | § § § | |
| Defendants. | § § | |
| V. | § § | |
| FREEHOLD MANAGEMENT, INC.; RETAIL PLAZAS, INC.; and RPI DENTON CENTER, LTD., | § § § § | |
| Counter-Plaintiffs. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants/Counter-Plaintiffs Freehold Management, Inc. and Retail Plazas, Inc. and Counter-Plaintiff RPI Denton Center, Ltd. (collectively, for ease of discussion, "Defendants") have filed a Motion to Compel Plaintiff's Responses to Freehold's Interrogatories, *see* Dkt. No. 83 (the "MTC"), seeking an order to compel Plaintiff State Automobile Mutual Insurance Company ("State Auto" or "Plaintiff") to provide complete answers to Defendants' Interrogatory Nos. 1, 8, and 9.

United States District Judge Sam A. Lindsay has referred the MTC to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 86.

State Auto filed a response, *see* Dkt. No. 98, and Defendants filed a reply, *see* Dkt. No. 104.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part and DEFERS RULING in part on Defendants' Motion to Compel Plaintiff's Responses to Freehold's Interrogatories [Dkt. No. 83].

## Background

The pertinent factual background and procedural background is familiar to the parties and will not be recounted here except as necessary in the Court's analysis and conclusions below. In brief, as the parties explained in their Joint Status Report of the Rule 26(f) Meeting and Joint Proposed Discovery/case Management Plan – after the filing of which the parties have since filed amended live pleadings –

> [t]his case arises out of a disputed insurance claim relating to an April 3, 2014, storm that allegedly caused wind and hail damage to the Defendant/Counter-Plaintiffs property located at 500-1900 W. University, Denton, Texas 76201. State Auto provided an insurance policy PBP 2603242 02 to Freehold Management, Inc. c/o Retail Plazas, Inc., with a policy period of September 30, 2013 to September 30, 2014.
>
> Defendants filed a claim for damages with State Auto alleging damages sustained in the Storm under the above-referenced policy. At a May 19, 2015, meeting. Plaintiff alleges that an agreement as to the cost of repairs was reached-$1, 260, 707.54 with an Actual Cash Value of $1,065,861.32. Initial payments were made totaling $828,096.30. Subsequently, Defendants collected recoverable depreciation for repairs to some of the buildings. In total. State Auto has paid $1,036,397.17.
>
> Plaintiff filed for a declaratory judgment asking the court to declare that all covered damages have been paid, that the alleged damage were not caused by a covered cause of loss, that the policy excludes, limits, or precludes coverage for the additional damages claimed and from recovery of depreciation and/or replacement cost.
>
> Defendants/Counter-Plaintiffs allege that Plaintiff/Counter-Defendant State Auto breached the insurance contract,

violated Chapter 542 of the Texas Insurance Code, violated the Texas DTPA, engaged in unfair insurance practices under Chapter 541 of the Texas Insurance Code, breached the duty of good faith and fair dealing, and did so knowingly and intentionally by hiring a biased engineer, failing to pay for all covered damages, and failed to conduct a reasonable investigation. Defendant/Counter-Plaintiff seeks $899,349.22 and repair to the Kroger roof and coping, and the additional costs to repair the Denton Center roofs above Suites 514 through 824 and above Suites 502, 602, 828, 908, 916 and 1038.

Dkt. No. 10 at 2-3.

## Legal Standards

The Federal Rules of Civil Procedure control the scope of a proper discovery request in the form of requests for production or inspection, interrogatories, and requests for admission.

Under Rule 26(b)(1), "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

The 2015 amendments to Rule 26 deleted "from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope

of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 (E.D. Tex. Jan. 23, 2017) (quoting FED. R. CIV. P. 26, 2015 comm. note).

"Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* at 280.

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters,

or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B)."). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). "Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Pilver v. Hillsborough Cty.*, No. 8:15-CV-2327-T-23JSS, 2016 WL 4129282, at *3 (M.D. Fla. Aug. 3, 2016).

In response to interrogatories under Rule 33, "[t]he interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1).

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(3)-(4). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); quoting

FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016). In sum, "[a] party served with written discovery must fully answer each interrogatory ... to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory ... is objectionable and why, affirmatively explain what portion of the interrogatory ... is not objectionable and the subject of the answer..., and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

Federal Rule of Civil Procedure 33(d) further provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." FED. R. CIV. P. 33(d). "Thus, in relying on Rule 33(d) in an interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). This generally requires an answering party "to point to specific documents, by name or

bates number," and not pointing the requesting party generally to document productions. *Id.* at *10.

As to the sufficiency of an interrogatory answer,

> as the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). The fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973). Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010)). [An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. *See* 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013).

*Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *accord Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 n.9 (5th Cir. 2018) ("While the Hospital did not file a motion to compel, this perhaps unadvised choice is not dispositive. 'Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery

requests.' *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (rejecting a party's contention that sanctions could not be imposed when the opposing party had not first requested an order to compel and stating that the party resisting discovery requests 'must have a valid objection to each one in order to escape the production requirement').").

A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

And the Court has previously explained that "responding to interrogatories ... 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to ... [an] interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to ... [an] interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new

law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory ... it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)). "To make such an objection in the face of these considerations is to engage in the 'abusive practice of objecting to discovery requests reflexively – but not reflectively – and without a factual [or legal] basis' that [Federal Rule of Civil Procedure] 26(g) was enacted to stop." *Heller*, 303 F.R.D. at 487 (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008)). Serving unsupported and boilerplate or stock objections do not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions, and "Rule 26(g) 'and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has paused and consider[ed] whether, based on a reasonable inquiry, there is a factual [or legal] basis [for the] ... objection.'" *Heller*, 303 F.R.D. at 477 (quoting *Mancia*, 253 F.R.D. at 358; internal quotation marks omitted).

Once responses, answers, and objections have been served subject to Rule 26(g), the party who has objected to a discovery request then must, in response to a Rule

37(a) motion to compel or in support of its own Rule 26(c) motion for a protective order, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rule of Civil Procedure 26(b) has been amended, effective December 1, 2015. For the reasons the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69.

Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

And, as the Court has more recently explained,

> under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. That is true on a Rule 37(a) motion to compel no less than on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order. ....
> Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance. .... [And] Rule 26(b)(1) "'does not place on the party seeking discovery the burden of addressing all proportionality considerations.'" *Carr*, 312 F.R.D. at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note). While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, *see id.* at 463-69, "'[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes," *id.* at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note).

*Samsung Elecs. Am. Inc. v. Chung*, ___ F.R.D. ___, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (citations omitted); *accord Charalambopoulos v. Grammar*, No. 3:14-cv-2424-D, 2017 WL 1094394, at *4 n.5 (N.D. Tex. Mar. 8, 2017).

Thus, a party seeking to resist discovery on Rule 26(b)(1) and Rule 26(b)(2)(C)(iii) grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific

information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, as noted above, may well – to prevail on a motion to compel – need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing. And, as the Court has explained, the party seeking discovery is required in the first instance to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary

delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95. And it is no answer for attorneys' serving blockbuster interrogatory or all-encompassing or broad and undirected requests for production to say that they are not certain what the responding or answering party has in its possession, custody, or control and do not want to miss anything – and so will ask for, effectively, everything. Requests and interrogatories must be made in compliance with the Federal Rules and, if further discovery or investigation later reveals the existence or possible existence of additional relevant materials or information with Rule 26(b)(1)'s scope, counsel can serve additional discovery requests and, if necessary, seek leave to do so.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the

court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *accord Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008).

Federal Rules of Civil Procedure 37(a)(5)(B) and 37(a)(5)(C) further provide in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

"[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *De*

*Angelis*, 265 F. App'x at 398 (internal quotation marks omitted); *see also Heller*, 303 F.R.D. at 477 ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'" (citations omitted)).

## Analysis

I.   <u>Defendants' Interrogatory No. 1</u>

Defendants ask the Court to order State Auto to serve a complete answer to the following interrogatory (to which State Auto's objections and answer are listed below):

> **<u>INTERROGATORY NO. 1:</u>** State the name, address and telephone number of all persons who will testify at trial for Plaintiff/Counter-Defendant.
> **<u>ANSWER:</u>** Plaintiff/Counter-Defendant objects to the extent this request invades the work product privilege. Furthermore, Plaintiff/Counter-Defendant refers Defendant/Counter-Plaintiff to its Rule 26 Disclosures, Rule 26(b) expert disclosures, and will provide the names of those likely to testify and those that may testify in compliance with the Court's Order and the Federal Rules of Civil Procedure deadlines to designate the same. Plaintiff/Counter-Defendant refers Defendant/Counter-Plaintiff to all pleadings, discovery, disclosures, and documents obtained by subpoena, through discovery, or otherwise exchanged in this case for persons that may testify at trial.

Defendants contend that, "[t]hroughout the pendency of this case, [State Auto] has been non-committal in responding to what employees and representatives of State Auto were involved in this claim, had discoverable information, or would testify at trial." Dkt. No. 83 at 2. According to Defendants, "[d]uring the discovery period in this case, Freehold deposed four employees of State Auto – Sherri King, Jacob Webster, Paul Douglas, and Mark Chenetski – but State Auto has not identified which, if any

of them, will testify on behalf of State Auto at trial" and "also has not identified if there are any other representatives who were involved in the claim and/or will testify at trial." *Id.*

And, as to State Auto's objections to Interrogatory No. 1 specifically, Defendants assert that State Auto's "response is inadequate because it fails to even attempt to answer the question." *Id.* at 8. Defendants argue that State Auto's "objection is invalid as [Defendants are] entitled to know the identity of the Plaintiff's witnesses at trial and the identity of the witnesses is not protected as work product" and because "[j]ust because the Court has not yet ordered the production of a witness list, does not mean that State Auto does not have to respond." *Id.* (footnote and citation omitted). And, Defendants contend, "State Auto's identification of practically every document produced or created by State Auto in this litigation is impermissibly vague" and does not comply with Rule 33(d)'s requirements, as summarized above. *Id.*

State Auto responds that it "has repeatedly provided Defendants the names of those individuals who possessed the most knowledge about the facts and circumstances leading up to the lawsuit, participated in the decision to deny Defendants' claim, and who may testify at trial." Dkt. No. 98 at 2. State Auto explains that, "[t]o date, Plaintiff has disclosed the identities of all persons expected to testify at trial" in its Second Supplemental Rule 26(a)(1)(A) Initial Disclosures "designating State Auto's 'agents, adjusters, representatives, including but not limited to Sherri King, Jacob Webster, Paul Douglas, and Mark Chenetski'" – all of whom have been deposed in this case. *Id.* at 4-5. State Auto also notes the retained experts that it has designated in its Rule

26(a)(2) Expert Disclosures. *See id.* at 5. State Auto points out that, under "the Court's Fifth Amended Scheduling Order, Plaintiff's 'list of witnesses who may be called' is not due until January 7, 2019," and State Auto avers that, "[a]t this time, Plaintiff cannot say with absolute certainty that no additional witnesses will be called" but that, "[t]o the extent additional, unidentified State Auto representatives will be called to testify at trial, these witnesses will be called solely in response to testimony elicited from Defendants' witnesses, which cannot be ascertained at this time." *Id.* (emphasis omitted).

Defendants reply that State Auto waived any objections to this interrogatory by failing to assert them in response to the MTC and, instead, "merely claim[ing] it had already disclosed the identity of all persons expected to testify at trial." Dkt. No. 104 at 2. But, Defendants complain, State Auto's reliance on its disclosures "is problematic" because its Second Supplemental Rule 26(a)(1)(A) Initial Disclosures "are open-ended." *Id.* Defendants notes that, "[i]n its response to the [MTC], Plaintiff listed 11 individuals as having been disclosed" and that, "[i]f Plaintiff had amended its interrogatory answers with this response, it might have been sufficient." *Id.* at 2-3. But Defendants argue that, where State Auto "has refused to amend its formal responses and its initial response is inadequate" for the reasons that Defendants asserted in their MTC," and where "the documents [State Auto] contends identify witnesses, such as the supplemental disclosures and the claims notes are open-ended and/or redacted," the Court should compel State Auto to serve a complete answer to Interrogatory No. 1.

Resolving the MTC as to this interrogatory comes down in part to timing, but only in part. State Auto did not adequately explain what it meant in "object[ing] to the extent this request invades the work product privilege" and then did not press any work product claim at all in responding to the MTC. Any work product basis for refusing to answer is waived.

Further, State Auto's pointing to what amounts to the entire universe of information "exchanged in this case for persons that may testify at trial" does not comply with Rule 33(d). Defendants cannot know at least as readily as State Auto could whom State Auto considers to be a possible trial witness or who not from documents that are not addressed to that litigation-specific question. And State Auto's pointing Defendants to documents for Defendants to themselves identify "persons that may testify at trial" and tries to answer a different question than the one that Interrogatory No. 1 asks – which is "who will testify at trial" for State Auto.

As Defendants acknowledge, State Auto's pointing to its Rule 26 disclosures provides some responsive information – but only retroactively through its Second Supplemental Rule 26(a)(2) Initial Disclosures served almost five months after State Auto's interrogatory answer. But even that supplemental disclosure is couched in terms of State Auto's "agents, adjusters, representatives, including but not limited to" the four named individuals.

Whether to require State Auto to provide a more definitive answer now, then, is a question of timing and of entitlement – turning on whether Defendants are entitled to a closed list of "all persons who will testify at trial for" State Auto at this point in

time, almost six months before the Court's deadline by which "[e]ach party must file a list of witnesses who may be called by each party in its case in chief." Dkt. No. 92 at 5.

Judges in this district have taken the answering party's side on this question. *See, e.g.*, *Martin v. County of Dallas*, No. 3:10-cv-260-O, 2011 WL 13232699, at *4 (N.D. Tex., Jan. 14, 2011) ("As stated by Defendant, interrogatories 2 and 8 require Defendant to provide a witness list prior to the time required by the Federal Rules of Civil Procedure. Therefore, Defendant is not obligated to answer interrogatories 2 or 8."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Greystone Servicing Corp., Inc.*, No. 3-06-cv-575-P, 2007 WL 4179864, at *1 n.1 (N.D. Tex. Nov. 26, 2007) ("Plaintiff also asked South Side to identify all expert witnesses expected to testify at trial and to provide certain information regarding those experts. Although South Side objected to that interrogatory, it went on to state that no experts have been designated at this time. Because parties are not required to designate their experts until July 17, 2008, or designate their rebuttal experts until August 18, 2008, it is premature to address the sufficiency of South Side's answer to this interrogatory. Once the parties designate their experts, they must comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B), which covers most if not all of the information requested in Interrogatory No. 7." (citations omitted)).

As another judge in this district has explained, "Rule 33(b)(3) obligates [an answering party] to 'fully' answer the interrogatories, but [the answering party] need not provide answers that it does not now have. [The answering party] is obligated

-19-

under Rule 33 to respond to [the other parties'] interrogatories to the extent it is able to, and to supplement its responses, as required under Rule 26(e)(1)(A)." *Klein v. Fed'l Ins. Co.*, No. 7:03-cv-102-D, 2014 WL 3408355, at *7 (N.D. Tex. July 14, 2014). State Auto has explained what information it does and does not have as to its definitive witness list for trial at this time, and Rule 26(a) and the Court's scheduling orders do not require more of State Auto at this time.

The Court therefore grants Defendants' MTC only in part as to Interrogatory No. 1 and orders State Auto to, by **August 10, 2018**, supplement its answer to provide the information that it currently has, as explained in its response to the MTC, as to all persons who will testify at trial for State Auto and enters a protective order against any requirement for State Auto to further answer beyond that requirement prior to the Court's deadline for witness lists set by its current scheduling order.

II.   <u>Defendants' Interrogatory No. 8</u>

Defendants ask the Court to order State Auto to serve a complete answer to the following interrogatory (to which State Auto's objections and answer are listed below):

> **<u>INTERROGATORY NO. 8:</u>** For any and all persons who investigated, reviewed, handled, or made decisions regarding Defendant/Counter-Plaintiff's claim(s), please state the following:
> a) Name, address, and telephone number. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.
> b) Job title or position and years held;
> c) Supervisor;
> d) Licenses held;
> e) Education;
> f) Any specialized certifications or qualifications; and
> g) Dates of such involvement.

**ANSWER:** Plaintiff objects that said request is overly broad, seeks in part irrelevant documents, is not proportional or reasonably particular, and is vague. Plaintiff/Counter-Defendant refers Defendant/Counter-Plaintiff to all documents produced including the portions of the claim file and the log notes produced in this case for all individuals involved in the case as these documents contain the best evidence of the individuals involved in the claim. Furthermore, Plaintiff objects as this interrogatory is better the topic of a deposition and any response may be subject to a complaint by Plaintiff that the answer is not sufficiently detailed. Therefore,

Defendants contend that this interrogatory "is especially tailored to find the people who should have been identified in [State Auto's] initial disclosures, those who were involved in State Auto's handling of the claim and who would have discoverable information." Dkt. No. 83 at 9. Defendants complain that State Auto's objections "lack the requisite information required by the rules" and so "are unsustainable boilerplate and must be overruled." *Id.* And, Defendants note, State Auto improperly "referred [Defendants] to the same broad category of documents as discussed above" as to Interrogatory No. 1 and improperly "claimed that the subject of the interrogatory was better suited for deposition." *Id.* at 9-10.

State Auto responds that it "has disclosed the identities of those individuals who investigated, reviewed, handled, or made decisions regarding Defendants' claim" but "re-asserts its objection that Defendants' request as written is overly broad, vague, and seeks information that is not relevant or reasonably calculated to lead to admissible evidence." Dkt. No. 98 at 6. According to State Auto, "[a]s written, Defendants' request seeks the identity of each and every employee at State Auto who had any involvement whatsoever with this claim," and "Defendants do not define the terms 'reviewed,' 'handled,' or 'made decisions.'" *Id.* State Auto contends that, where "[t]his request could

encompass the identities of those individuals who logged an entry in the system on behalf of another without any knowledge of the facts or circumstances underlying Defendants' claim," "[t]he claim notes produced by Plaintiff provide the best information regarding the identities of those employees who worked on this claim," but "the identities of those employees possessing the most knowledge and who primarily worked on Defendants' claim are identified above." *Id.*

In reply, Defendants urge that, with no additional support or evidence from to State Auto support its objections, State Auto's objections "are unsustainable boilerplate and must be overruled" and that State Auto's pointing to the claim notes is problematic and insufficient where "the claim notes are heavily redacted and do not allow [Defendants] to determine who at State Auto worked on [Defendants'] claim and what their involvement was," such that, "[b]y redacting the information and refusing to answer [Interrogatory No. 8], Plaintiff has effectively blocked [Defendants] from learning about potential witnesses." Dkt. No. 103 at 4. According to Defendants, "[t]he identities of all of the people involved in the handling of the claim are clearly relevant to [Defendants'] counter-claim about how the claim was handled and Plaintiff's affirmative defense that it conducted a reasonable investigation," and "[w]hile some people may have been more involved than others, the fact that someone had a limited role does not shield their identity from discovery or estop [Defendants] from finding out about what their role was." *Id.* at 4-5.

State Auto's overbreadth, relevance, proportionality, reasonably particularity (expressly a requirement of Federal Rule of Civil Procedure 34(b) and not Rule 33), and

vagueness objections are not made with the required specificity and explanation of the basis for the objection as to this interrogatory and what portions State Auto cannot and is not answering or responding to based on its objections and why.

The Court has previously explained that a "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity"; that "[a] party objecting on these grounds must explain the specific and particular way in which a request is vague"; that "[t]he responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories" and, "[i]f necessary to clarify its answers, ... may include any reasonable definition of the term or phrase at issue"; and that, "[i]f a party believes that the request is vague, that party [should] attempt to obtain clarification [by conferring with the requesting party] prior to objecting on this ground." *Heller*, 303 F.R.D. at 491-92 (internal quotation marks and citations omitted). Before responding to the MTC, State Auto apparently made no effort to do so, and its now pointing to undefined terms is too little, too late. Further, a vague and ambiguous objection does not justify a complete refusal to answer unless an interrogatory is so vague or ambiguous as to be incapable of reasonable interpretation and prohibit a response. *See id.* at 492; *see also id.* at 488. Interrogatory No. 8's asking an insurance company about "persons who investigated, reviewed, handled, or made decisions regarding" the claim at issue is not that.

Otherwise, in responding to the MTC, State Auto again asserts its boilerplate objections without further explanation. The Court therefore overrules its overbreadth, relevance, proportionality, reasonably particularity, and vagueness objections.

State Auto's pointing to documents, including produced but redacted claim notes, fares no better here than as to Interrogatory No. 1. The Court is not persuaded that the claims notes – certainly with redactions, but even without – permit Defendants to locate and identify the requested information at least as readily as State Auto can from its own internal documents, and State Auto does not even argue that the previously produced documents – which State Auto does not identify with the specificity that Rule 33(d) requires – can provide the information requested by each subpart of this interrogatory.

Finally, as Defendants note, "Rule 26(d) generally governs the sequencing of discovery unless the Court enters a protective order under Rule 26(c) or another order governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29. Absent a court order providing otherwise or a binding stipulation, Rule 26(d)(2)(A) generally dictates that [Defendants] may seek information through an interrogatory even if [State Auto] believes the subject matter would be better explored through a deposition." *Heller*, 303 F.R.D. at 493. And, "while, as a general matter, under Rule 26, a party may seek discovery through any permitted method in any sequence, ... [but] 'there's certainly case law where there are some kinds of contention interrogatories where courts have felt that, in their discretion, they could say it ought to be a deposition instead, like a 30(b)(6) deposition,'" *id.*, the Court is not persuaded that the kind of detailed information that Defendants seek here is so much better suited to

deposition testimony that State Auto should be excused from fully answering this interrogatory.

The Court determines that, although, as Defendants explain, some information responsive to Interrogatory No. 8 may relate to individuals with a limited role as to Defendants' claim, the information responsive to this interrogatory, as written, is relevant to a claim or defense in this case and is proportional to the needs of the case.

The Court grants the MTC as to this interrogatory and orders that State Auto must, by **August 10, 2018**, serve on Defendants a complete answer – without objections – to Interrogatory No. 8.

III.     Defendants' Interrogatory No. 9

Defendants ask the Court to order State Auto to serve a complete answer to the following interrogatory (to which State Auto's objections and answer are listed below):

> **INTERROGATORY NO. 9:** Identify every person who participated to any degree in reviewing the decision to deny or pay Defendant/Counter-Plaintiff's claim in whole or in part before you received Defendant/Counter-Plaintiff's demand letter in this case or their lawsuit. In addition, the involvement of each person identified, state the date each such review was performed and state the result of the review.
> **ANSWER:** Plaintiff objects that said request seeks in part irrelevant documents, is overly broad, is not proportional or reasonably particular, and is vague. Plaintiff asserts the attorney-client privilege, work product, investigative and consulting expert privileges, and is withholding documents pursuant to same.

Defendants assert that, "[l]ike Interrogatory [No.] 8," Interrogatory No. 9 "was specifically tailored to discover who participated in the review of the claims decision in this case and their involvement before the June 20, 2016 demand letter in this case" but that, "[i]nstead of properly responding, State Auto provided the same unsupported

boilerplate objections which must be overruled for the reasons discussed above." Dkt. No. 83 at 10. Defendants further note that "State Auto also claimed the attorney-client, work product, investigative, and consulting expert privileges" but "provided no information as to how these privileges apply [and] noted it was withholding documents based upon this objection, even though the request was not for documents." *Id.*

State Auto responds that this interrogatory "is overly broad, vague, and seeks information that is not relevant or reasonably calculated to lead to admissible evidence" and that "[t]he four individuals listed above are the State Auto who investigated, reviewed, and made decisions regarding Defendants' claim." Dkt. No. 98 at 7. According to State Auto, "[a]s written, Defendants' request could be interpreted to require Plaintiff to disclose the identities of each and every individual who reviewed the decision to deny or pay Defendants' claim even if that individual played no part in the decision itself," but, "[i]n an effort to comply with Defendants' request, Plaintiff has identified and produced for deposition(s) the four individuals who actually investigated this matter and made the decisions concerning coverage." *Id.*

And State Auto asserts that, "[w]hile [State Auto] concedes that this request did not seek documents, it did seek information that Plaintiff believes is subject to the attorney-client, work product, and investigative and consulting expert privileges," where "[t]he parties do not dispute that Plaintiff's counsel was hired within two weeks following the April 3, 2014 storm" and where, "[a]lthough Defendants seek information in Plaintiff's possession that pre-dates Defendants' demand letter, Plaintiff contends that the contents of the reviews and results reached are privileged." *Id.* State Auto

explains that "[m]any of the initial reviews were performed by Plaintiff's retained experts in this matter," and "[t]he review conducted and results reached are documents in their expert reports." *Id.* Finally, State Auto argues that, "[t]o the extent Defendants request additional information, this information is privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)," and, "[g]iven the broad, vague, and unclear wording of Defendants' request, without objection, this information could be subject to production." *Id.* at 7-8. State Auto contends that, as it "has disclosed the identities of the four individuals who investigated and made decisions regarding Defendants' claim," the Court should deny the MTC as to Interrogatory No. 9.

Defendants reply that State Auto's objections again "lack the requisite specificity required by the rules" and that State Auto "attached no evidence or affidavits to the response other than the responses to the original requests and Plaintiff's most recent supplemental disclosures." Dkt. No. 104 at 5. According to Defendants, as a result, State Auto "failed to meet its burden regarding the claim of privilege," and "the objections are unsustainable boilerplate and must be overruled." *Id.* at 5-6.

The Court agrees for the most part. In its boilerplate objections and even its response to the MTC, State Auto fails to support its relevance, overbreadth, proportionality, reasonably particularity, and vagueness objections with the required specificity and explanation of the basis for the objection as to this interrogatory and what portions State Auto cannot and is not answering or responding to based on its objections and why. And State Auto has not explained how information responsive to the request to "[i]dentify every person who participated to any degree in reviewing the

decision to deny or pay Defendant/Counter-Plaintiff's claim in whole or in part before you received Defendant/Counter-Plaintiff's demand letter in this case or their lawsuit" and to identify "the involvement of each person identified" and "state the date each such review was performed" could constitute protected attorney work product or attorney-client privileged communications or invade any other privilege or run afoul of Rule 26(b)(4)'s protections.

As for State Auto's asserting privileges and work product protection as to the request that it "state the result of the review" beyond what has been produced in its expert witnesses' reports, the Court will defer ruling on the MTC as to only that portion of this interrogatory and will address it in connection with Defendants' Motion to Compel Production of Un-Redacted Documents and Documents 1-19 on Plaintiff's Privilege Log [Dkt. No. 82] and Motion to Compel Production of Documents in the State Auto Claim File [Dkt. No. 84].

But the Court otherwise determines that the information responsive to the remainder of this interrogatory, as written, is relevant to a claim or defense in this case and is proportional to the needs of the case and overrules State Auto's objections – and grants the MTC – as to the rest of the interrogatory. The Court orders that State Auto must, by **August 10, 2018**, serve on Defendants a complete answer – without objections – to Interrogatory No. 9's request to "[i]dentify every person who participated to any degree in reviewing the decision to deny or pay Defendant/Counter-Plaintiff's claim in whole or in part before you received Defendant/Counter-Plaintiff's

demand letter in this case or their lawsuit," as well as "the involvement of each person identified," and "state the date each such review was performed.

IV.  Award of expenses

Defendants and State Auto each request a Rule 37(a)(5) award of their expenses in bringing or defending against the MTC.

Under Rule 37(a)(5)(C), the Court determines that, considering all of the circumstances here and the Court's rulings above, the parties will bear their own expenses, including attorneys' fees, in connection with Defendants' MTC as to Interrogatory No. 1.

But, as to Defendants' MTC as to Interrogatory Nos. 8 and 9, the Court will grant State Auto until **August 17, 2018** to file a response explaining why the Court should not enter an order requiring it or its counsel to pay Defendants, under Rule 37(a)(5)(C), the expenses, including attorneys' fees, that Defendants incurred in drafting and filing its MTC and reply in support as to these two interrogatories based on State Auto's manner of objecting and responding to these interrogatories, and Defendants may then file a reply in support of such an award of expenses under Rule 37(a)(5)(C) by **August 31, 2018**. Whether or not the Court determines that an award of expenses is appropriate, failing to follow the Federal Rules' and case law's requirements for specificity in objecting and responding and answering, as well as correspondingly answering or responding "subject to" and "without waiving" those objections, is improper, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years. *See, e.g.*, *Pitre v. Epps*, Civ. A. No.

18-1562, 2018 WL 3094367, at *2 (E.D. La. June 22, 2018) (van Meerveld, J.); *Eagle Railcar Services-Roscoe, Inc. v. NGL Crude Logistics, LLC*, No. 1:16-cv-153-BL, 2018 WL 2317696, at *18 (N.D. Tex. May 22, 2018) (Frost, J.); *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, Civ. A. No. 4:17-CV-00607, 2018 WL 1934084, at *2-*3 (E.D. Tex. Apr. 23, 2018) (Mazzant, J.); *Walters v. Sentry Link, LLC*, No. A-16-CV-383-LY, 2018 WL 837611, at *3 (W.D. Tex. Feb. 9, 2018) (Austin, J.); *Tsanacas v. Amazon.com, Inc.*, Civ. A. No. 4:17-CV-00306, 2018 WL 324447, at *2-*3 (E.D. Tex. Jan. 8, 2018) (Mazzant, J.); *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2017 WL 5890923, at *1-*2 (N.D. Ill. Nov. 29, 2017) (Cole, J.); *Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, Civ. A. No. 16-1131, 2017 WL 3216582, at *2 (E.D. La. July 28, 2017) (Wilkinson, J.); *Columbia Mut. Ins. Co. v. Kerrville Prof'l Props., Ltd.*, Civ. No. SA-16-CA-00973-XR, 2017 WL 7805755, at *2 (W.D. Tex. July 12, 2017) (Primomo, J.); *Lechuga v. Magallanes*, No. MO:16-CV-00269-RAJ-DC, 2017 WL 8180781, at *2, *6 (W.D. Tex. June 1, 2017) (Counts, J.); *Matthews v. J & J Serv. Solutions, LLC*, Civ. A. No. 16-621-BAJ-EWD, 2017 WL 2256963, at *4 & n.31 (M.D. La. May 23, 2017) (Wilder-Doomes, J.); *Source Network Sales & Marketing, LLC v. Jiangsu Mega Motor Co.*, No. 3:16-cv-1202-B-BK, 2017 WL 7596913, at *4 (N.D. Tex. May 15, 2017) (Toliver, J.); *Sell v. Universal Surveillance Sys., LLC*, No. A-16-CV-660-RP-ML, 2017 WL 2999420, at *1 (W.D. Tex. Apr. 19, 2017) (Lane, J.); *RealPage, Inc. v. Enterprise Risk Control, LLC*, Civ. A. No. 4:16-CV-00737, 2017 WL 1165688, at *2-*4 (E.D. Tex. Mar. 29, 2017) (Mazzant, J.); *Tadlock v. Arctic Cat Sales, Inc.*, Civ. A. No.

15-766-JJB-EWD, 2017 WL 1032516, at *8-*9 (M.D. La. Mar. 17, 2017) (Wilder-Doomes, J.); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 185-87 (N.D. Iowa 2017) (Bennett, J.); *Crum & Forster Specialty Ins. Co. v. Great West Cas. Co.*, No. EP-15-cv-00325-DCG, 2016 WL 10459397, at *4 n.7 (W.D. Tex. Dec. 28, 2016) (Berton, J.); *Stringer v. Cascos,* Civ. No. SA-16-CA-257-OG, 2016 WL 8914448, at *1-*2 (W.D. Tex. Dec. 14, 2016) (Garcia, C.J.); *Eubank v. Lockhart Indep. Sch. Dist.*, No. A-15-CV-1019-RP-ML, 2016 WL 11214437, *2, *5 (W.D. Tex. Nov. 8, 2016) (Lane, J.); *Latham v. Polaris Indus., Inc.,* No. 3:15-cv-1209-B, 2016 WL 7389241, at *2 (N.D. Tex. Oct. 5, 2016) (Stickney, J.); *Rosalez Funez v. E.M.S.P., LLC*, Civ. A. No. 16-1922, 2016 WL 5337981, at *2-*3 (E.D. La. Sept. 23, 2016) (Roby, J.); *Hopkins v. Green Dot Corp.*, Civ. No. SA-16-CA-00365-DAE, 2016 WL 8673861, at *3 (W.D. Tex. Aug. 16, 2016) (Primomo, J.); *In re Adkins Supply, Inc.*, 555 B.R. 579, 587-88 (Bkrtcy. N.D. Tex. 2016) (Jones, J.); *Crow v. ProPetro Servs., Inc.*, No. MO:15-CV-00149-RAJ-DC, 2016 WL 9776368, at *3-*4 (W.D. Tex. June 6, 2016) (Counts, J.); *Southwest Insulation, Inc. v. Gen'l Insulation Co.*, No. 4:15-cv-601-O, 2016 WL 9244822, at *2-*5 (N.D. Tex. Apr. 25, 2016) (O'Connor, J.); *Rivera v. United States*, No. EP-15-CV-21-KC, 2015 WL 13649403, at *7 (W.D. Tex. Dec. 22, 2015) (Berton, J.); *New Belgium Brewing Co., Inc. v. Travis County Brewing Co. LLC*, No. A-15-CV-452 LY, 2015 WL 13227999, at *1-*2 (W.D. Tex. Dec. 18, 2015) (Austin, J.); *Emerald City Mgmt., LLC v. Kahn*, No. 4:14-cv-358, 2015 WL 11170165, at *6-*7 (E.D. Tex. Sept. 2, 2015) (Clark, J.); *Gonzalez v. Volkswagen Group of Am., Inc.*, No. A-14-CV-574-LY-ML, 2015 WL 5097271, at *2

(W.D. Tex. Aug. 28, 2015) (Lane, J.); *Blair v. Pride Indus., Inc.*, EP-14-CV-00183-DCG-RFC, 2015 WL 10818665, at *1-*6 (W.D. Tex. July 17, 2015) (Castaneda, J.); *Roca Resource Co., Inc. v. Devon Energy Prod. Co., L.P.*, No. P:14-CV-00085-DAE-DC, 2015 WL 12746117, at *7 (W.D. Tex. July 2, 2015) (Counts, J.); *Simon v. State Farm Lloyds*, Civ. A. No. 7:14-CV-251, 2015 WL 12777219, at *4 (S.D. Tex. Apr. 9, 2015) (Alvarez, J.); *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, Civ. A. Nos. 13-2809 & 13-3197, 2015 WL 269051, at *3-*5 (E.D. La. Jan. 21, 2015) (North, J.); *Cummins v. Lollar*, No. 4:12-cv-560-Y, 2014 WL 12585670, at *2 (N.D. Tex. Aug. 26, 2014) (Cureton, J.); *see also* Steven S. Gensler & Lee H. Rosenthal, *Breaking the Boilerplate Habit in Civil Discovery*, 51 AKRON L. REV. 683 (2017).

### Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part and DEFERS RULING in part on Defendants' Motion to Compel Plaintiff's Responses to Freehold's Interrogatories [Dkt. No. 83].

SO ORDERED.

DATED: July 24, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE