IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-2255-L |
| FREEHOLD MANAGEMENT, INC. and RETAIL PLAZAS, INC., | § § § § | |
| Defendants. | § § | |
| V. | § § | |
| FREEHOLD MANAGEMENT, INC.; RETAIL PLAZAS, INC.; and RPI DENTON CENTER, LTD., | § § § § § | |
| Counter-Plaintiffs. | § | |

# **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff State Automobile Mutual Insurance Company ("State Auto" or "Plaintiff") has filed a Motion for Leave to Designate Justin Kestner as an Expert Witness, *see* Dkt. No. 77 (the "Motion for Leave").

United States District Judge Sam A. Lindsay has referred the Motion for Leavve to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 80.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Defendants/Counter-Plaintiffs Freehold Management, Inc. and Retail Plazas, Inc. and Counter-Plaintiff RPI Denton Center, Ltd. (collectively, for ease of discussion, "Defendants") filed a response, *see* Dkt. No. 93, and State Auto filed a reply, *see* Dkt. No. 103.

**Background**

The pertinent factual background and procedural background is familiar to the parties and will not be recounted here except as necessary in the Court's analysis and conclusions below. In brief, as the parties explained in their Joint Status Report of the Rule 26(f) Meeting and Joint Proposed Discovery/case Management Plan – after the filing of which the parties have since filed amended live pleadings –

> [t]his case arises out of a disputed insurance claim relating to an April 3, 2014, storm that allegedly caused wind and hail damage to the Defendant/Counter-Plaintiffs property located at 500-1900 W. University, Denton, Texas 76201. State Auto provided an insurance policy PBP 2603242 02 to Freehold Management, Inc. c/o Retail Plazas, Inc., with a policy period of September 30, 2013 to September 30, 2014.
> Defendants filed a claim for damages with State Auto alleging damages sustained in the Storm under the above-referenced policy. At a May 19, 2015, meeting. Plaintiff alleges that an agreement as to the cost of repairs was reached-$1, 260, 707.54 with an Actual Cash Value of $1,065,861.32. Initial payments were made totaling $828,096.30. Subsequently, Defendants collected recoverable depreciation for repairs to some of the buildings. In total. State Auto has paid $1,036,397.17.
> Plaintiff filed for a declaratory judgment asking the court to declare that all covered damages have been paid, that the alleged damage were not caused by a covered cause of loss, that the policy excludes, limits, or precludes coverage for the additional damages claimed and from recovery of depreciation and/or replacement cost.
> Defendants/Counter-Plaintiffs allege that Plaintiff/Counter-Defendant State Auto breached the insurance contract, violated Chapter 542 of the Texas Insurance Code, violated the Texas DTPA, engaged in unfair insurance practices under Chapter 541 of the Texas Insurance Code, breached the duty of good faith and fair dealing,

-2-

and did so knowingly and intentionally by hiring a biased engineer, failing to pay for all covered damages, and failed to conduct a reasonable investigation. Defendant/Counter-Plaintiff seeks $899,349.22 and repair to the Kroger roof and coping, and the additional costs to repair the Denton Center roofs above Suites 514 through 824 and above Suites 502, 602, 828, 908, 916 and 1038.

Dkt. No. 10 at 2-3.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 26(a)(2)(D) provides that "[a] party must make [the required expert witness] disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). The Court ordered here that, "[u]nless otherwise stipulated or directed by order, Plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ('Rule 26(a)(2)'), on or before **January 15, 2018**." Dkt. No. 40 at 4. The Court also ordered that, "[b]y **June 4, 2018**, all discovery — including discovery concerning expert witnesses — shall be completed." Dkt. No. 52 at 4. And the Court has set the case for trial on the Court's four-week docket beginning February 4, 2019. *See* Dkt. No. 92 at 2.

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including

-3-

attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1). The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless. *See Sightlines, Inc. v. La. Leadership Institute*, Civ. A. No. 3:13-CV-00527-SDD-RLB, 2015 WL 77671, at *1 (M.D. La. Jan. 6, 2015); *In re Sambrano*, 440 B.R. 702, 707 (Bankr. W.D. Tex. 2010).

In evaluating whether a Rule 26(a) violation is harmless, the Court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to timely disclose. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) ("The Court reviews the trial court's exercise of its discretion to exclude experts not properly designated by considering four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)."). "The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Klein v. Fed. Ins. Co.*, Nos. 7:03-cv-102-D & 7:09-cv-94-D, 2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015).

In applying these factors, a court may, under appropriate circumstances, exclude

a witness's testimony where the disclosing party did not identify additional witnesses prior to the close of discovery and offers no persuasive explanation for the failure to comply with a discovery deadline. *See Antoine-Tubbs v. Local 513, Air Transport Div., Transport Workers of Am., AFL-CIO*, 190 F.3d 537 (table), 1999 WL 642665, at *2 (5th Cir. July 19, 1999). But courts have held that a failure to disclose a witness or evidence is "substantially justified" under Rule 37(c) where the disclosing party had no knowledge of the person or evidence until after the discovery deadline has passed. *See, e.g.*, *In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 661 (Bankr. S.D. Tex. 2009) (citing *Silchia v. MCI Telecomms. Corp.*, 942 F. Supp. 1369, 1377 (D. Colo. 1996)).

That is not the case here. State Auto acknowledges that Mr. Kestner has been involved in this matter since September 15, 2017, when he performed an inspection of the property at issue in place of David Teasedale, his fellow engineer at Haag Engineering Co. and an expert witness for State Auto whom it designated on November 15, 2017. Defendants explain that Mr. Teasedale's deposition testimony on March 27, 2018 made them aware of Mr. Kestner, and Defendants deposed Mr. Kestner as a fact witness on May 23, 2018.

As Defendants note, State Auto did not include Mr. Kestner in supplemental designations on January 15, 2018 or June 1, 2018. Instead it filed the Motion for Leave on June 6, 2018, two days after the close of discovery, explaining that, while it "had initially designated Mr. Teasedale as the sole expert from Haag Engineering, during the deposition of Mr. Kestner on May 23, 2018, it became apparent that Mr. Kestner's

testimony was necessary to supplement that of Mr. Teasedale's." Dkt. No. 77 at 3.

That State Auto's attorneys did not recognize this need despite Mr. Kestner's conducting the September 2017 inspection and despite Mr. Teasedale's deposition in March 2018 belies the asserted importance of expert witness trial testimony by Mr. Kestner as well as an apparent lack of diligence in assessing possible expert witness designations from among the retained engineers working on the case. Further, Defendants are "not objecting to [Mr.] Kestner's testimony as a fact witness who inspected the property." Dkt. No. 93 at 7. And, in any event, "[a]lthough the importance of [an expert witness's] proposed testimony weighs against exclusion of that testimony, the importance of proposed testimony cannot singularly override the enforcement of local rules and scheduling orders," and "the importance of the testimony underscores how critical it was for [the party] to have timely designated" witness. *Hamburger*, 361 F.3d at 883 (internal quotation marks omitted).

Neither is the Court persuaded by State Auto's efforts to minimize the prejudice to Defendants by this late designation. Mr. Kestner was deposed as a fact witness, and without his Curriculum Vitae and list of testifying history – with which Defendant were provided only after his deposition. *See* Dkt. No. 77 at 5. Of course, "[s]ince [Mr. Kestner] was not designated timely, [Defendants] did not have reason to know that [State Auto] intended to call [him] to give expert testimony." *Hamburger*, 361 F.3d at 883. If the Court grants State Auto leave, Defendants would either be forced to ask for its own leave to engage in untimely discovery and (possibly) additional motion practice at a time when – notwithstanding the reset trial date early next year – the schedule

calls for the parties to be filing and briefing any expert witness challenges and dispositive motions, or simply be forced to rely on what they currently know about Mr. Kestner and his work.

**Conclusion**

For the reasons explained above, the Court DENIES Plaintiff State Automobile Mutual Insurance Company's Motion for Leave to Designate Justin Kestner as an Expert Witness [Dkt. No. 77].

SO ORDERED.

DATE: July 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE