IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff | § § | |
| v. | § § | |
| FREEHOLD MANAGEMENT, INC. AND RETAIL PLAZAS, INC. | § § § | CIVIL ACTION NO. 3:16-cv-02255-L |
| Defendants | § § | |
| v. | § § | |
| FREEHOLD MANAGEMENT, INC., RETAIL PLAZAS, INC., AND RPI DENTON CENTER, LTD. | § § § § | |
| Counter-Plaintiffs | § | |

### DEFENDANTS AND COUNTER-PLAINTIFFS' BRIEF IN SUPPORT OF AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATE AUTO'S AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, Freehold Management, Inc. and Retail Plazas, Inc., and Counter-Plaintiffs, Freehold Management, Inc., Retail Plazas, Inc., and RPI Denton Center, LTD. (hereafter collectively "Freehold" or "the Freehold Entities") file this brief in support of their amended motion for partial summary judgment on State Auto's affirmative defenses. In support of this motion, the Freehold Entities would show this honorable Court the following:

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................. II

**TABLE OF AUTHORITIES** ....................................................................................... III

**SUMMARY OF THE ARGUMENT** ............................................................................... 1

**FACTUAL BACKGROUND** ......................................................................................... 1

    A.  UNDISPUTED FACTS ...................................................................................... 1

    B.  DISPUTED FACTS ........................................................................................... 2

**RELEVANT PROCEDURAL BACKGROUND** ............................................................... 4

**ARGUMENT AND AUTHORITIES** ............................................................................. 4

    A.  LEGAL STANDARD ........................................................................................ 4

    B.  PLAINTIFF FAILED TO ADDUCE EVIDENCE ON ITS AFFIRMATIVE DEFENSES. ...................... 6

        1.  *Failure to Mitigate* ................................................................................ 7

        2.  *Damage Occurred Outside the Policy Period* ....................................... 8

        3.  *Damage Was Caused by Faulty Maintenance* ...................................... 9

**CERTIFICATE OF SERVICE** ................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) .............................................. 4

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ........................ 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ............. 1, 6

*Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) ......................................................... 5

*Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ......................................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) ........................... 5

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ........................ 4

*Reed v. LKQ Corp.*, No. 3:14-CV-4412-L, 2018 WL 3328424, at *2 (N.D. Tex. July 6, 2018) ................................................................................................................................. 4

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55 .................................................................................................................... 4

*Roberts v. Overby-Seawell Co.,* No. 3:15-CV-1217-L, 2018 WL 1457306, at *6 (N.D. Tex. Mar. 23, 2018); Fed. R. Civ. P. 56(a) ............................................................................... 4

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992) .................... 5

*Stevenson v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:12-CV-4564-L, 2014 WL 1356504, at *4 (N.D. Tex. Apr. 7, 2014) ........................................................................................ 1, 6

*Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988) ........................................... 1, 6

## SUMMARY OF THE ARGUMENT

During discovery in this case, Plaintiff was unable to adduce any evidence on its affirmative defenses of failure to mitigate, that Freehold failed to use all reasonable means to save and preserve the Property; that the damage occurred outside the policy period; or that Freehold maintained the Property in a faulty manner. *(Document 26 at ¶ 11, 23, 25, and 26)* As a result, Freehold is entitled to summary judgment on these matters. *See Stevenson v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:12-CV-4564-L, 2014 WL 1356504, at *4 (N.D. Tex. Apr. 7, 2014) ("Defendant need not disprove Plaintiff's claims, but need only to show that Plaintiff, who bears the burden of proof, has adduced no evidence to support an element essential to her claims."); *see also Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## FACTUAL BACKGROUND

**A. Undisputed Facts**

Freehold Management purchased an insurance policy from State Auto to cover property losses during a period of September 30, 2013 through September 30, 2014, at a shopping center located at 500-1900 W. University Dr., Denton, Texas 76201 (hereafter "the Property"). *(Document 1 at ¶3.01, admitted at Document 16-1¶ 3.01)* On or about April 3, 2014, during the subject policy period, a wind and hail storm struck the Denton area. *(Document 1 at ¶3.02, admitted at Document 16-1¶ 3.02)* After the storm, Freehold Management thereafter reported a claim for damages to the Property to Frank Swingle of Swingle, Collins & Associates, who reported same to State Auto. *(Document 16-1 at ¶7.01, admitted at Document 26 ¶ 4)*

State Auto sent two adjusters, Sherri King and Paul Douglas to adjust Freehold's insurance claim. *(Document 16-1 ¶7.02, admitted at Document 26 ¶5)* In addition, David Teasdale of Haag inspected certain portions of Denton Center on behalf of State Auto and issued a June 10, 2014 report. *(Document 16-1 ¶7.03, admitted at Document 26 ¶6)* In his report, Mr. Teasdale acknowledged that hail up to 3-1/2 inches had been reported in the area, but concluded that smaller hail, of one to two inches, damaged most of the buildings. *(Document 16-1 ¶7.03, admitted at Document 26 ¶6)* Despite the presence of damage at the same location, Mr. Teasdale also concluded that the roof above the Kroger suite in Denton Center was not damaged by the storm. *(Document 16-1 ¶7.03, admitted at Document 26 ¶6)* Mr. Teasdale also found that wind did not damage the property. *(Document 16-1 ¶7.03, admitted at Document 26 ¶6)*

During the course of the claim, State Auto made payments totaling $1,036,397.17 to Freehold Management for hail damage from the subject storm. *(Document 16-1 ¶7.05, admitted at Document 26 ¶7)*

## B. Disputed Facts

On July 15, 2014, State Auto issued a partial denial of the Freehold entities' claim including partial denial of the built up roofs stating "Our investigation has determined that some of the damages to the roof structures are not covered under the aforementioned policy," and relied on Haag's conclusions. *(Appendix page 47 at Deposition pages 175:23-176:5 and at Appendix pages 70-75)*

Disagreeing with State Auto's findings, Freehold Management hired Matt Phelps of APEC Engineering and Laboratory LLC (hereinafter "APEC") to conduct an independent inspection of the Kroger roof damage. *(Appendix pages 80-81 at Deposition pages 7:18-10:2 and at Appendix pages 106-315 and Appendix pages 316-*

**Brief in Support of Motion for Partial Summary Judgment     Page 2 of 11**

*581)* APEC found that both wind and hail from the subject storm had damaged the built up Kroger roof and that it needed to be replaced. *(Appendix pages 80-81 at Deposition pages 7:18-10:2 and at Appendix pages 106-315)*

The Freehold Entities provided APEC's report on the Kroger roof to State Auto. *(Appendix page 55 at Deposition pages 207:8-208:7 and at Appendix pages 76-77)* Thereafter, State Auto informed Freehold Management that it found APEC's report unpersuasive, rejected APEC's conclusions, and stood by its denial for payment of the Kroger roof damage, based upon Haag's report. *(Appendix page 55 at Deposition pages 207:8-208:7 and at Appendix pages 76-77)*

On June 20, 2016, the Freehold Entities sent State Auto a demand letter. *(Appendix pages 582-585)* State Auto acknowledged receipt of the letter on July 28, 2016. *(Appendix page 586)* Instead of trying to resolve the matter, State Auto's response to the demand letter was to file a declaratory action against Freehold in Federal Court on August 3, 2016. *(Document 1)*

After State Auto filed suit, APEC created a second report regarding the additional built up roofs at the Denton Center, which it determined all of the roofs needed to be replaced due to the damage caused by the subject storm. *(Appendix pages 80-81 at Deposition pages 7:18-10:2 and at Appendix pages 316-581)* The Freehold Entities' current estimates for replacement of all of the built up roofs (including Kroger) and underlying decking at the Denton Center damaged by the April 3, 2014 storm are in the range of approximately $14,000,000-$16,000,000. *(Appendix pages 744-764 and Appendix pages 765-794)*

**Brief in Support of Motion for Partial Summary Judgment   Page 3 of 11**

## RELEVANT PROCEDURAL BACKGROUND

On August 3, 2016, State Auto filed for a Declaratory Judgment requesting that the Court find:

- That the alleged damage to the subject properties was not caused by a covered cause of loss within the meaning of the plain language of the Policy;
- That and to what extent Policy exclusions bar coverage for the Defendants' claim;
- That and to what extent the Policy's other limitations, terms, and conditions preclude the Defendants from recovering on its claim.
- That and to what extent the Defendants are precluded from collecting recoverable depreciation and/or replacement cost value.

*(Document 1)*

The Freehold Entities filed counterclaims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. *(Documents 6, 16-1, and 25)* On August 24, 2017, Plaintiff filed its amended answer to Freehold's counter claim, asserting multiple affirmative defenses. *(Document 26)*

The discovery period in this case ended on June 4, 2018. *(Document 52 at 4)* This case is set for trial on February 4, 2o19. *(Document 92)*

## ARGUMENT AND AUTHORITIES

### A. Legal Standard

"Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] "A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

---

[1] *Reed v. LKQ Corp.*, No. 3:14-CV-4412-L, 2018 WL 3328424, at *2 (N.D. Tex. July 6, 2018); *Roberts v. Overby-Seawell Co.,* No. 3:15-CV-1217-L, 2018 WL 1457306, at *6 (N.D. Tex. Mar. 23, 2018); Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

nonmoving party."[2] "When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party."[3] "Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." [4]

"Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact."[5]

"[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.' " *Matsushita*, 475 U.S. at 587. (citation omitted). "Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment."[6] Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

---

[2] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

[4] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

[5] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[6] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). *Ragas*, 136 F.3d at 458.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[7] Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.[8] If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

"Defendant need not disprove Plaintiff's claims, but need only to show that Plaintiff, who bears the burden of proof, has adduced no evidence to support an element essential to her claims."[9]

### B. Plaintiff failed to adduce evidence on its affirmative defenses.

Freehold has shown that the roofs of the Property need to be replaced due to the April 3, 2014 storm. *(See Appendix pages 80-81 at Deposition pages 7:18-10:2 and at Appendix pages 106-315 and Appendix pages 316-581 and Appendix pages 593-594 at Deposition pages 110:8-111:20 and at Appendix pages 658-743)* Plaintiff and its experts claim that the roofs were not damaged. *(See generally Appendix page 30 at Deposition page 107:6-10, Appendix Vol.2 page 1674 at Deposition page 86:21-25, and Appendix page 812 at Deposition pages 69:19-70:3; Appendix page 856 at Deposition pages*

---

[7] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6.

[8] *Reed*, No. 2018 WL 3328424, at *2 ; *Roberts,* 2018 WL 1457306, at *6; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).

[9] *Stevenson v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:12-CV-4564-L, 2014 WL 1356504, at *4 (N.D. Tex. Apr. 7, 2014); *see also Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

*247:4-20)* In doing so, Plaintiff has failed to adduce any evidence on its affirmative defenses that claim the damage is a result of something other than the subject storm.

### 1. *Failure to Mitigate*

In its amended answer to Freehold's counterclaim, Plaintiff pleaded two affirmative defenses that claim that Freehold failed to mitigate its damages. Those affirmative defenses state:

> 11. Plaintiff State Auto further pleads, by way of affirmative defense if such be necessary, that the Freehold Entities failed to mitigate the damages of which they now complain, and Plaintiff State Auto's liability is limited to the extent that the Freehold Entities could have avoided or mitigated the damages, in whole or in part, of which they now seek to recover.

*(Document 26 at ¶11)*

> 25. Plaintiff State Auto states by way of affirmative defense if such be necessary, that the Freehold Entities are responsible in whole or in part for the damages which they seek to recover herein. Specifically, the Freehold Entities failed to use all reasonably means to save and preserve the property from further damage at and after the time of the loss.

*(Document 26 at ¶25)*

In discovery of this case, however, Plaintiff failed to produce any evidence that Freehold failed to mitigate its damages. Specifically, Plaintiff's corporate representative testified that she was not aware of any damages to the roofs and has no facts, evidence, or data on what Freehold should have done to protect the Property. *(Appendix Vol. 2, page 1672 at Deposition pages 79:12-80:23)* She further testified that State Auto was not contending during the claim process that Freehold had failed to protect the Property from further damage. *(Appendix Vol. 2, page 1677 at Deposition pages 98:10-99:1)*

Plaintiff's engineer, David Teasdale also testified that the roofs did not need to be replaced and he did not think the roofs were damaged. *(Appendix page 812 at Deposition pages 69:19-70:3 and Appendix page 856 at Deposition pages 247:21-248:13)* More importantly, he testified that the roofs were in similar condition in 2014 and 2017 and that he found no further damage in the 2017 inspection. *(Appendix page 856 at Deposition pages 248:19-24 and 246:1-247:1).* Thus showing that there was no further damage after the storm that Freehold failed to protect the Property from. Because Plaintiff failed to produce any evidence that Freehold failed to mitigate its damages, Freehold is entitled to summary judgment on this affirmative defense.

### 2. *Damage Occurred Outside the Policy Period*

For its next affirmative defense alleging an alternative source of damage, Plaintiff pleaded:

> 23. Plaintiff State Auto further states by way of affirmative defense, if such be necessary, that Plaintiff State Auto is not liable to the Freehold Entities as the damage of which the Freehold Entities complains occurred outside the effective dates of the policy sued upon and are therefore not covered by said policy.

*(Document at 26 ¶25)*

Like its defense that Freehold failed to mitigate and protect the Property from further damage, Plaintiff adduced no evidence that any alleged damages occurred outside the policy period.

Specifically, State Auto's corporate representative testified that she didn't recall any facts, evidence or data that showed the roofs were damaged by other storms. *(Appendix Vol. 2, page 1673 at Deposition pages 81:7-82:12)* David Teasdale testified that he was not going to testify that storms before or after the April 3, 2014 storm

caused damage to the built up roofs. *(Appendix page 856 at Deposition page 248:7-24)* Likewise, Timothy Marshall, Plaintiff's other engineer, testified that he would not speculate on other storms causing hail or wind damage to the Property. *(Appendix page 874 at Deposition pages 39:16-40:4 and Appendix page 875 at Deposition page 41:9-12 and Appendix page 929 at Deposition page 10:1-22)* Because Plaintiff failed to produce any evidence that any alleged damage occurred outside the policy period, Freehold is entitled to summary judgment on this affirmative defense.

### 3. *Damage Was Caused by Faulty Maintenance*

Finally, Plaintiff alleged that:

> 26. Plaintiff State Auto states by way of affirmative defense if such be necessary, that the Freehold Entities maintained any and all properties at issue in this case in a faulty, inadequate, or defective manner on and off of the described premises, and, therefore, the damages sought herein are excluded under the terms and conditions of the applicable policy.

*(Document at 26 ¶26)*

Again, Plaintiff was unable to produce any evidence on this affirmative defense.

State Auto's representative testified that:

- She could not recall any faulty repair or maintenance that caused damage to the Property *(Appendix Vol.2, page 1674 at Deposition page 88:3-23);*

- She did not recall State Auto or David Teasdale determining there were maintenance defects at the Property *(Appendix Vol. 2, page 1675 at Deposition pages 89:4-15);*

- That underwriting determined the Property to have an adequate maintenance procedure and that she did not recall seeing anything in the file to show that maintenance at the Property was not accurate. *(Appendix Vol. 2, page 1709 at Deposition page 55:13-21);*

- That underwriting had no maintenance recommendations or requirements for the Property *(Appendix Vol. 2, pages 1709-1710 at Deposition pages 56:13-57:10);* and

- That upon renewal before the storm, underwriting found the property to be in good repair, have good housekeeping, and maintenance. *(Appendix Vol. 2, page 1711 at Deposition page 61:9-61-14)*

Because Plaintiff failed to produce any evidence that any alleged damage was caused by Freehold's maintenance, Freehold is entitled to summary judgment on this affirmative defense.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter-Plaintiffs pray that this Court grant their amended motion for partial summary judgment; grant final judgment on these affirmative defenses to Defendants/Counter-Plaintiffs; and award Defendants/Counter-Plaintiffs such other relief as may be proper.

Respectfully submitted,

*Loree & Lipscomb,*
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:   (210) 404-1310

By: */s/ Todd Lipscomb*
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com
Todd Lipscomb
State Bar No. 00789836
todd@lhllawfirm.com
Cassandra Pruski
State Bar No. 24983690
cassie@lhllawfirm.com

*Attorneys for Freehold Entities*

## **CERTIFICATE OF SERVICE**

      I certify that the Freehold Entities have served a true and correct copy of the foregoing document and attachments on August 30, 2018 through the Court's electronic filing (CM/ECF) system to the following counsel of record:

Charles B. Mitchell, Jr.
Michael Shane O'Dell
Naman, Howell, Smith & Lee, PLLC
405 Forth Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911

Christopher D. Kratovil
Alison R. Ashmore
*DYKEMA COX SMITH*
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

                                                */s/ Todd Lipscomb*
                                                Todd Lipscomb