IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff | § § | |
| v. | § § | |
| FREEHOLD MANAGEMENT, INC. AND RETAIL PLAZAS, INC. | § § § | CIVIL ACTION NO. 3:16-cv-02255-L |
| Defendants | § § § | |
| v. | § § | |
| FREEHOLD MANAGEMENT, INC., RETAIL PLAZAS, INC., AND RPI DENTON CENTER, LTD. | § § § § | |
| Counter-Plaintiffs | § | |

### DEFENDANTS AND COUNTER-PLAINTIFFS' BRIEF IN SUPPORT OF AMENDED MOTION TO STRIKE THE EXPERT TESTIMONY OF PAUL NILLES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, Freehold Management, Inc. and Retail Plazas, Inc., and Counter-Plaintiffs, Freehold Management, Inc., Retail Plazas, Inc., and RPI Denton Center, LTD. (hereafter collectively "Freehold" or "the Freehold Entities") file this brief in support of their amended motion to strike the expert testimony of Paul Nilles. In support of this motion, the Freehold Entities would show this honorable Court the following:

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** .................................................................................. II

**TABLE OF AUTHORITIES** ............................................................................. III

**SUMMARY OF THE ARGUMENT** ................................................................. 1

**FACTUAL BACKGROUND** ............................................................................. 1

**RELEVANT PROCEDURAL BACKGROUND** ................................................ 2

**ARGUMENT AND AUTHORITIES** ................................................................. 4

    A.  LEGAL STANDARD ................................................................................ 4

        1.  *Relevance* ............................................................................................ 6

        2.  *Reliability* ........................................................................................... 6

    B.  PAUL NILLES'S TESTIMONY IS NOT RELEVANT TO THE ISSUES IN THE CASE. ..................... 7

        1.  *The Facts in Issue in the Case* ............................................................ 7

        2.  *Nilles's Testimony and Opinions* ....................................................... 8

**CERTIFICATE OF SERVICE** ......................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)......................................6

*Greenspoint Inv'rs, Ltd. v. Travelers Lloyds Ins. Co.*, No. CV H-10-4057, 2015 WL 12762088, at *1–2 (S.D. Tex. Mar. 5, 2015) ..................................................................6

*GWTP Investments, L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2007 WL 7630459, at *3 (N.D. Tex. Aug. 3, 2007) .........................................................................6

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999) ......................................................................................................... 6, 7

*Mathis v. Exxon Corp.,* 302 F.3d 448, 459–460 (5th Cir.2002) .......................................6

*Nerium SkinCare, Inc. v. Nerium Int'l, LLC,* No. 3:16-CV-1217-B, 2018 WL 3520840, at *2 (N.D. Tex. July 3, 2018) .................................................................................5

*Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) . 5

*United States v. Bourgeois*, 950 F.2d 980, 987 (5 th Cir. 1992) .........................................6

*United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) .................................................6

*Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) ........................................5

**Rules**

FED R. EVID. 702 ............................................................................................................ 1, 9

FED. R. EVID. 401 ...............................................................................................................6

## SUMMARY OF THE ARGUMENT

The testimony of Plaintiff's designated expert, Paul Nilles, is not relevant to the issues remaining in this case. As a result, this testimony should be stricken because it will not help the jury. *See* FED R. EVID. 702.

## FACTUAL BACKGROUND

Freehold Management purchased an insurance policy from State Auto to cover property losses at a shopping center located at 500-1900 W. University Dr., Denton, Texas 76201 (hereafter "Denton Center"). *(Document 1 at 2)* On or about April 3, 2014, during the subject policy period, a wind and hail storm caused substantial damage to Denton Center. *(Document 1 at 2)* Freehold Management thereafter reported this loss to Frank Swingle of Swingle, Collins & Associates, who reported same to State Auto. *(Document 16-1 at 5)*

State Auto assigned an adjuster, Sherri King, Executive General Adjuster to adjust Freehold Management's insurance claim. *(Document 16-1 at 5)* Ms. King, on behalf of State Auto, hired Paul Nilles & Construction, LLC to estimate the cost to repair the damage and Haag Engineering (hereinafter "Haag") to investigate the loss. *(Document 16-1 at 5)*

On July 15, 2014, State Auto issued a partial denial of the Freehold entities' claim stating "Our investigation has determined that some of the damages to the roof structures are not covered under the aforementioned policy," and relying on Haag's conclusions. During the course of the claim, State Auto made payments totaling $1,036,397.17 to Freehold Management for hail damage from the subject storm, but maintained that the all of built up roofs of the Denton Center (which are the subject of this litigation) were not damaged based upon Haag's findings. *(Document 16-1 at 7)*

**Brief in Support of Amended Motion to Strike Paul Nilles**      **Page 1 of 11**

Disagreeing with State Auto, Freehold Management hired Matt Phelps of APEC Engineering and Laboratory LLC (hereinafter "APEC") to conduct an independent inspection of the Kroger roof damage. *(Document 16-1 at 7)* APEC found that both wind and hail damaged the built up Kroger roof. *(Document 16-1 at 7)*

The Freehold Entities provided APEC's report on the Kroger roof to State Auto. *(Document 16-1 at 7)* Thereafter, State Auto informed Freehold Management that it found APEC's report unpersuasive, rejected APEC's conclusions, and stood by its denial for payment of the Kroger roof damage, based upon Haag's report. *(Document 16-1 at 7-8)* Thereafter, the Freehold Entities sent State Auto a demand letter on June 20, 2016. Instead of trying to resolve the matter, State Auto's response to the demand letter was to file a declaratory action against Freehold in Federal Court on August 3, 2016. *(Document 1)*

After State Auto filed suit, APEC created a second report regarding the additional built up roofs at the Denton Center, which it determined all needed to be replaced. *(Document 16-1 at 8)* The Freehold Entities' current estimates for replacement of all of the built up roofs (including Kroger) and underlying decking at the Denton Center damaged by the April 3, 2014 storm are in the range of approximately $14,000,000-$16,000,000.

### RELEVANT PROCEDURAL BACKGROUND

On August 3, 2016, State Auto filed for a Declaratory Judgment requesting that the Court find:

- That the alleged damage to the subject properties was not caused by a covered cause of loss within the meaning of the plain language of the Policy;
- That and to what extent Policy exclusions bar coverage for the Defendants' claim;
- That and to what extent the Policy's other limitations, terms, and conditions preclude the Defendants from recovering on its claim.
- That and to what extent the Defendants are precluded from collecting recoverable depreciation and/or replacement cost value.

*(Document 1)*

The Freehold Entities filed counterclaims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. *(Documents 6, 16-1, and 25)* Freehold seeks the unpaid withheld depreciation and payment for the denied damages to the built up roofs and underlying decking at the Property. *(Documents 6, 16-1, and 25)* Freehold does not dispute the replacement cost value estimates for the items that State Auto accepted coverage on. *(Documents 6, 16-1, and 25)*

On January 15, 2018, Plaintiff filed its supplemental expert disclosures in this case, designating Paul Nilles as an expert and including a two page report. *(Document 37 & Appendix pages 97-99)* Thereafter, on June 1, 2018, Plaintiff filed its second supplemental expert disclosures. *(Document 74)* In its designation of Nilles, Plaintiff stated:

> Plaintiff/Counter-Defendant anticipates that Mr. Nilles will testify, among other topics, regarding the construction management, general contracting, coordination of the estimates and solicitation of bids for the actual work. Mr. Nilles collected bids for various trades, checked for code compliance and necessary improvements to comply with applicable building code, and determined a fair a reasonable price to perform the scope of work.
>
> Please see the documents previously produced with Plaintiff's January 15, 2018 First Supplemental Designation of Experts as Exhibit "I" and bates numbered SA-004751 through SA-004752 for Mr. Nilles' report which is incorporated by reference herein for all purposes. Additionally, please see the documents previously produced with Plaintiff's January 15, 2018
>
> PLAINTIFF/COUNTER-DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S
> SECOND SUPPLEMENTAL RULE 26(A)(2) EXPERT DISCLOSURES
> Doc# 66Y0561.DOCX                                                                        Page 8 of 12
>
> First Supplemental Designation of Experts for Mr. Nilles' resume/CV, testifying history, and rates and which documents are incorporated herein for all purposes as Exhibit "J" and bates numbered SA-004753. See also the deposition testimony taken of Mr. Nilles.

*(Document 74 at 8-9)*

Paul Nilles was deposed by Freehold on April 10, 2018. *(Appendix pages 3-96)* The discovery period in this case ended on June 4, 2018. *(Document 52 at 4)* This case is set for trial on February 4, 2o19. *(Document 92)*

<u>ARGUMENT AND AUTHORITIES</u>

**A. Legal Standard**

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge *will help the trier of fact* to understand the evidence or to determine a fact in

issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702 (emphasis added).  Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *Nerium SkinCare, Inc. v. Nerium Int'l, LLC,* No. 3:16-CV-1217-B, 2018 WL 3520840, at *2 (N.D. Tex. July 3, 2018), *report and recommendation adopted in part sub nom. Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2018 WL 3496422 (N.D. Tex. July 20, 2018); *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In deciding whether to admit or exclude expert testimony, courts typically consider five non-exclusive factors:

1. Whether the theory or technique has been tested;

2. Whether the theory or technique has been subjected to peer review and publication;

3. The known or potential rate of error of the method used;

4. The existence and maintenance of standards and controls in the methodology; and

5. Whether the theory or method has been generally accepted by the scientific community.

*Id.; Daubert*, 113 S.Ct. at 2796-97. The purpose of such an inquiry is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Nerium,* No. 3:16-CV-1217-

B, 2018 WL 3520840, at *2; *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) (*quoting Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176, 143 L.Ed.2d 238 (1999)). The party offering the expert testimony has the burden of establishing that it is admissible under Rule 702 and the *Daubert–Kuhmo* standard. *GWTP Investments, L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2007 WL 7630459, at *3 (N.D. Tex. Aug. 3, 2007) *See Kumho,* 526 U.S. at 147; *see also Mathis v. Exxon Corp.,* 302 F.3d 448, 459–460 (5th Cir.2002).

   1. *Relevance*

To be relevant, the testimony must assist "the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see also United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004)(quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). The Federal Rules of Evidence define relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. In other words, the expert testimony must be applicable to the facts in issue. *Daubert*, 509 U.S. at 592–93.

   2. *Reliability*

"Reliability hinges on the sufficiency of the facts or data upon which the opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case." *Greenspoint Inv'rs, Ltd. v. Travelers Lloyds Ins. Co.*, No. CV H-10-4057, 2015 WL 12762088, at *1–2 (S.D. Tex. Mar. 5, 2015); *See* FED. R. EVID. 702. As the Supreme Court has recognized, the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on

the nature of the issue, the expert's particular expertise, and the subject of [the] testimony." *Kumho Tire*, 119 S.Ct. at 1175; *see also Watkins*, 121 F.3d at 988-89 ("Not every guidepost outlined in *Daubert* will necessarily apply to expert testimony[.]"). A trial court has wide latitude in deciding how to determine reliability, just as it has considerable discretion with respect to the ultimate reliability determination. *See Kumho Tire*, 119 S.Ct. at 1176.

**B. Paul Nilles's testimony is not relevant to the issues in the case.**

Paul Nilles was designated to testify as to the "construction management, general contracting, coordination of the estimates and solicitation of bids for the actual work." *(Document 74)* When deposed, it became clear that Paul Nilles only has opinions as to the replacement cost value of the scope of work provided by State Auto that is not in dispute. As a result, Paul Nilles cannot provide any relevant testimony to help the trier of fact and should be stricken.

   1. *The Facts in Issue in the Case*

In Plaintiff's Complaint, Plaintiff requested that the Court determine the following four issues:

- That the alleged damage to the subject properties was not caused by a covered cause of loss within the meaning of the plain language of the Policy;
- That and to what extent Policy exclusions bar coverage for the Defendants' claim;
- That and to what extent the Policy's other limitations, terms, and conditions preclude the Defendants from recovering on its claim.
- That and to what extent the Defendants are precluded from collecting recoverable depreciation and/or replacement cost value.

*(Document 1)*

In Freehold's amended counterclaim, Freehold alleges that Plaintiff breached the insurance contract; violated the Texas Insurance Code, Texas Deceptive Trade Practices Act, and common law duty of good faith by:

- Hiring and relying upon a biased engineer to deny or lowball the claim;

- Failing to conduct a proper investigation into the insurance claim;

- Wrongfully denying the claim for damage to *the built up roofs and their underlying decking* at the property;

- Wrongfully delaying the payments it made; and

- Failing to properly pay the claim, including some withheld *depreciation*.

*(Document 16-1)*

Neither of the parties disputes the valuation of the items that State Auto accepted coverage for, they simply disagree as to whether or not the built up roofing and underlying decking was damaged by the subject storm and whether or not all of the withheld depreciation has been paid. *(Documents 1, 16-1, and 26)*

2. *Nilles's Testimony and Opinions*

As an initial matter, Nilles' report is a factual summary with only one opinion. That opinion is:

> p) It is GC3's and my opinion that if it is determined that the properties are determined to be damaged by events covered by Freehold's insurance policy that the reasonable and necessary costs to repair or replace the roofs and other structures are the amounts provided in the bids and estimates of Hallmark (Kenny Hall) and Critical Electric Systems Group, LLC (Hoyt Moore). This opinion is based on reasonable construction certainty.

At the deposition, Nilles testified that he had never visited the property or supervised work in the DFW area, and his opinions were only regarding the reasonable

**Brief in Support of Amended Motion to Strike Paul Nilles          Page 8 of 11**

and necessary cost for the items included in the accepted State Auto scope of work.[1] *(Appendix page 15 at Deposition page 13:18-24 and Appendix pages 49-50 at Deposition pages 47:20-48:7)* Nilles testified that he was not going to provide any opinions regarding whether the scope provided by State Auto addressed all of the damages to the Property, only what the reasonable cost of the items in the scope was. *Appendix page 49 at Deposition page 47:16-24)*

Nilles did not review any estimates other than those that were submitted regarding State Auto's accepted scope, did not create his own estimates, and did not estimate the cost to replace the fields of the built up roofing or the decking below them. *(Appendix pages 48-49 at Deposition pages 46:20-47:24; Appendix page 43 at Deposition page 41:9-15; and Appendix page 42 at Deposition page 40:3-10)* Nilles also did not review any engineering reports or weather data regarding the subject storm and was not asked to give opinions on causation. *(Appendix page 49 at Deposition page 47:13-15 and Appendix page 70 at Deposition page 68:8-20)*

It is clear from the deposition testimony that Nilles does not have any relevant expert opinions about the disputed portions of the claim, the fields of the built up roofs and the underlying decking. (*See Appendix pages 3-96 generally*) Nilles had no opinions regarding the estimates provided by Freehold for these items, and had no opinion as to the "construction management, general contracting, coordination of the estimates and solicitation of bids for the actual work" outside of the reasonableness of estimates provided for the previously accepted portions of the claim, which are not in dispute. *(Appendix pages 44-45 at Deposition page 41-42 at Deposition pages 39:19-*

---

[1] Freehold also believes this testimony shows that Nilles' testimony is not reliable and is inadmissible under FED. R. EVID. 702.

*40:20 and Appendix page44-45 at Deposition pages 42:25-43:21)* As a result, Nilles' opinion testimony will not help the trier of fact and is not admissible. *See* FED R. EVID. 702.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter-Plaintiffs pray that this Court grant their amended motion to strike the expert testimony of Paul Nilles; refuse to allow Paul Nilles or representatives of GC3 to provide expert testimony at trial; and award Defendants/Counter-Plaintiffs such other relief as may be proper.

                Respectfully submitted,

                *Loree & Lipscomb,*
                777 E. Sonterra Blvd., Suite 320
                San Antonio, Texas 78258
                Telephone: (210) 404-1320
                Facsimile:   (210) 404-1310

                By: */s/ Cassandra Pruski*
                    Robert W. Loree
                    State Bar No. 12579200
                    rob@lhllawfirm.com
                    Todd Lipscomb
                    State Bar No. 00789836
                    todd@lhllawfirm.com
                    Cassandra Pruski
                    State Bar No. 24983690
                    cassie@lhllawfirm.com

                *Attorneys for Freehold Entities*

## CERTIFICATE OF SERVICE

I certify that the Freehold Entities have served a true and correct copy of the foregoing document on August 30, 2018 through the Court's electronic filing (CM/ECF) system to the following counsel of record:

    Charles B. Mitchell, Jr.
    Michael Shane O'Dell
    NAMAN, HOWELL, SMITH & LEE, PLLC
    405 Forth Worth Club Building

306 West 7th Street
Fort Worth, Texas 76102-4911

Christopher D. Kratovil
Alison R. Ashmore
*DYKEMA COX SMITH*
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

*/s/ Cassandra Pruski*
Cassandra Pruski