IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE AUTOMOBILE MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2255-L** |
| | § | |
| **FREEHOLD MANAGEMENT, INC.;** | § | |
| **RETAIL PLAZAS, INC.; and** | § | |
| **RPI DENTON CENTER, LTD.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Amended Motion for Partial Summary Judgment on State Auto's Affirmative Defenses (Doc. 186), filed August 30, 2018; and State Automobile Mutual Insurance Company's Amended Motion for Summary Judgment (Doc. 193), filed August 30, 2018. For the reasons herein explained, the court **denies** both parties' summary judgment motions (Docs. 186, 193).

**I.      Factual and Procedural Background**

On August 3, 2016, Plaintiff State Automobile Mutual Insurance Company ("Plaintiff" or "State Auto") filed this declaratory judgment action, pursuant to 28 U. S.C. § 2201 and 28 U. S.C. §1332, against Defendants Freehold Management, Inc. ("Freehold") and Retail Plazas, Inc. ("Retail"), seeking a declaratory judgment regarding the parties' rights and obligations under a commercial insurance policy ("Policy") issued by State Auto with a policy period of September 30, 2013, to September 30, 2014. At issue is whether roof damage alleged to have been sustained during

a storm on April 3, 2014, to several properties located in a shopping center in Denton, Texas (collectively, "Property"), is covered by the Policy.   RPI Denton Center, Ltd. ("RPI") was subsequently allowed to join the action as a Defendant and Counterclaimant. The court refers collectively to Freehold, Retail, and RPI as "Defendants" or "Freehold."

Defendants have asserted counterclaims against State Auto based on theories of breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of sections 17.46(5), (7), (12), and (20) of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing under Texas common law.  At the heart of these claims is Defendants' contention that State Auto failed to conduct an adequate and reasonable investigation of their claim for additional damages before denying it, unreasonably delayed in denying their claim for additional damages, used unfair claims settlement practices that involved the hiring of Haag Engineering ("Haag"), an allegedly biased engineering firm, and failed to pay their claim for additional damages after it knew or reasonably should have known, the claim for additional damages was covered under the Policy.  Plaintiff and Defendants have also both asserted a number of affirmative defenses to each other's claims.

Defendants originally countersued, seeking approximately $900,000.  The parties agree that State Auto paid Defendants $1,036,397.17 in 2014 for claimed damages that it determined were covered under the Policy. Defendants, however, now contend that they are entitled to recover approximately $16 million in additional damages to the Property under the Policy as a result of the April 2014 storm.

On March 31, 2019, the court entered a memorandum opinion and order addressing the parties' various expert motions.  As a result of this opinion, the testimony of several experts was

excluded under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Incorporated*, 509 U.S. 579, 589 (1993), or Federal Rule of Civil Procedure 26. In their cross-motions for summary judgment, which were filed before the court ruled on the parties' expert motions, the parties contend in part that they are entitled to judgment on the claims and defenses asserted by the opposing party because the expert evidence relied on by the opposing party is unreliable or inadmissible.

## II.    Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden

of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.     Plaintiff's Summary Judgment Motion

State Auto moves for summary judgment on Defendants' counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code and DTPA.  State Auto contends that it is entitled to judgment on Defendants' breach of contract claim because it paid for covered losses and timely investigated Defendants' insurance claim; Defendants have not overcome their burden under the concurrent causation doctrine of proving that the damages alleged were not caused by another event outside of the Policy period or other matters expressly excluded under the Policy such as wear and tear, cracking, inadequate maintenance, or water damage.  In addition, State Auto asserts that Defendants failed to adhere to unambiguous Policy requirements such as: (1) providing prompt notice of a claim and submitting a sworn proof of loss within 91 days of a request by State Auto; (2) taking steps to protect the covered Property from further damage and document expenses related to any mitigation efforts; (3) cooperating with State Auto to investigate the insured's claim.

State Auto contends that Defendants' counterclaim for breach of the duty of good faith and fair dealing also fails because such claims survive in the absence of a breach of contract by the insurer.  State Auto maintains that, even if the court determines that Defendants are able to produce evidence demonstrating a breach of contract, they still cannot establish that State Auto acted in bad faith in denying their claim, given that: (1) "it had a reasonable basis for denying or delaying payment of Defendants' ever-changing claim" and continuous revisions to their damage estimate during the four years after the storm; (2) a bona fide dispute as to liability or coverage is not enough to support a claim for bad faith, and it did not commit an act so extreme that it caused an independent injury to Defendants; and (3) Defendants' claim of bias by Haag, David Teasdale

("Teasdale") of Haag, the engineering firm hired by State Auto to investigate Defendants' claim, and their contention that State Auto knowingly hired a biased engineer, are unsupported.  Pl.'s S.J. Br. 9-11. Plaintiff contends that Defendants' claims for alleged violations of the Texas Insurance Code and the DTPA similarly fail, as the evidence refutes their contention that State Auto unreasonably delayed the investigation of their claim, failed to properly investigate their claim, hired biased consultants to assist with the investigation of their claim, and failed to pay for repair of Defendants' Property and the entire amount agreed upon.  In support of its summary judgment motion, State Auto relies on the expert reports of Timothy Marshall and Teasdale.

Defendants object to Marshall's and Teasdale's expert reports on the grounds that they are unsworn, unauthenticated, constitute hearsay, and include hearsay within hearsay.  Defendants also object to Plaintiff's reliance on deposition testimony of Justin Kestner ("Kestner"), in light of the magistrate judge's ruling that Plaintiff could not use expert testimony from Kestner, who was not designated timely.

In response to Plaintiff's summary judgment arguments, Defendants contend that State Auto is not entitled to judgment because it has established, by eyewitness testimony and its experts Gary Treider ("Treider") and Matt Phelps ("Phelps"), that the April 3, 2014 hail and windstorm caused damage to the built-up gravel roofs of the Property.  Defendants assert that there is no issue of concurrent causation, and State Auto's contention to the contrary is not supported by its pleadings or evidence.  Defendants contend that, under Texas law, arguments regarding concurrent causation, policy exclusions, lack of a sworn proof of loss or other policy "conditions" alleged by State Auto are affirmative defenses that must be pleaded and proved, and that State Auto waived any such defenses by failing to plead them.  Alternatively, Defendants assert that Treider's and Phelps's

testimony rules out noncovered Policy perils as the cause of their damages; that they gave prompt notice of their claim; that State Auto waived the proof of loss requirement for the built-up gravel roofs; and that, in any event, State Auto has not shown that it was prejudiced by not receiving a proof of loss within 91 days.

Regarding its breach of the duty of good faith and fair dealing claim, Defendants argue that they do not have to prove an independent injury to recover.  Defendants further assert that evidence of Teasdale's and Haag's history of bias in other cases, State Auto's knowledge that they had previously been found to be biased in another case, and the inconsistencies in Teasdale's report support their contention that State Auto denied their claim without a reasonable basis.  Defendants also point to evidence, contending that State Auto hired and blindly relied on Teasdale to obtain a favorable report on which it could deny their claim; that, shortly after hiring Teasdale, State Auto retained litigation counsel to defeat coverage before even making a claims decision; and that litigation counsel took control of the claims investigation and decision in this case.  Finally, Defendants contend that the evidence shows that, despite making multiple requests for proofs of loss, State Auto adjuster Sherri King testified that she did not need the information to make a claims decision.

With respect to their extra-contractual claims under the Texas Insurance Code and DTPA, Defendants acknowledge that such claims have the same predicate for recovery as a bad faith claim for a good faith and fair dealing violation, but they contend that an insurer's good faith is not a defense to violations of Chapter 542 in wrongfully delaying payment, and they have established a valid bad faith claim.  As a result, Defendants contend that State Auto is not entitled to judgment on

their claims for alleged violations of the Texas Insurance Code and DTPA under Chapters 541 and 542.

As noted, the court granted the parties' expert motions to exclude expert testimony by Plaintiff's experts Hallmark Roofing and Paul Nilles, as well as expert testimony by Defendants' experts Phelps, Rocco Calaci, and Roger Grimm.  As a result, the parties can no longer rely on expert testimony by these persons to support their claims or defenses.  The court also denied motions to strike or exclude expert testimony by Defendants' experts Treider and Carolyn Coleman and Plaintiff's experts Marshall.  Because the parties continue to maintain in their summary judgment submissions that the opposing party's expert testimony is unreliable, the court revisited the parties' expert motions and related submission in conjunction with reviewing their summary judgment materials.   Seeing now how the parties anticipate using their remaining experts to prove up their claims and defenses, the court has some concerns regarding the opinions of the remaining experts that were not addressed in its prior opinion that will require a *Daubert* hearing.  For this reason and because of other issues regarding the parties' evidence and the manner in which it was presented, the court determines that genuine disputes of material fact exist that preclude entry of judgment in favor of Plaintiff on Defendants' counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code and DTPA.  The court, therefore, **denies** State Automobile Mutual Insurance Company's Amended Motion for Summary Judgment (Doc. 193).

## IV.    Defendants' Summary Judgment Motion

Defendants move for summary judgment on Plaintiff's affirmative defenses based on failure to mitigate, damage occurring outside the policy period, and damage caused by faulty maintenance.

Plaintiff disagrees and contends that the evidence establishes a lack of diligence on Defendants' part in pursuing repairs, for example, related to an ongoing problem with multiple leaks after the initial April 3, 2014 storm, and an attempt by them to recover for damages caused by their failure to mitigate.   Plaintiff asserts that Defendants "grossly mischaracterize" the summary judgment evidence, including expert testimony, or oversimplify what constitutes damage by ignoring wear and tear that occurred outside the policy period and blistering not covered by the Policy.   Additionally, Plaintiff maintains that Defendants' "fluid claims of damage" clearly demonstrate that there is a genuine dispute of material fact regarding Defendants' faulty maintenance of the Property after the storm because, "if Defendants had conducted regular maintenance, then they would have discovered the alleged extensive damage to the [Property] before its most recent estimate in 2018." Pl.'s Resp. 8.

The court concludes, for similar reasons noted above with respect to Plaintiff's summary judgment motion, that Defendants' Amended Motion for Partial Summary Judgment on State Auto's Affirmative Defenses (Doc. 186) should be and is hereby **denied**, as the issues raised by the parties are better left for resolution at trial after the court conducts a *Daubert* hearing to determine whether the  remaining experts are qualified to give the opinions for which they have been designated, and that their opinions are relevant and reliable to the issues at hand.   In addition to its concerns regarding expert testimony and the parties' other evidence, the court believes that both parties have, to some extent, mischaracterized the summary judgment evidence.

## V.      Objections to Summary Judgment Evidence

The court has only considered evidence that is admissible pursuant to Rule 56 of the Federal Rules of Civil Procedure and the summary judgment standard herein enunciated. Accordingly, the objections are **overruled as moot**.

## VI.     Conclusion

For the reasons explained, the court **concludes** that genuine disputes of material fact exist as to claims and defenses that are the subject of Plaintiff's and Defendants' motions such that summary judgment in favor of either party on these claims and defenses is inappropriate. The court, therefore, **denies** State Automobile Mutual Insurance Company's Amended Motion for Summary Judgment (Doc. 193); and **denies** Defendants' Amended Motion for Partial Summary Judgment on State Auto's Affirmative Defenses (Doc. 186).

Further, rather than conducting a pretrial conference and selecting a jury on September 13, 2019, as indicated in a prior order entered by the court, the hearing on September 13, 2019, will be used to conduct a *Daubert* hearing to determine whether the parties' experts, who remain after the court's previous ruling on expert motions, are qualified and their opinions are relevant and reliable. The parties must be prepared to present their respective expert witnesses and establish the admissibility of the expert testimony expected to be offered during the trial under Rule 702 and *Daubert.* By **August 30, 2019**, the parties shall also file, for the court's consideration in advance of the *Daubert* hearing, copies of the Rule 26 expert reports that were prepared by the experts who are expected to testify at trial.

**It is so ordered** this 22nd day of August, 2019.

Sam A. Lindsay
United States District Judge